IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| EMILIO CHAVEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | Judge |
| CITY OF CHICAGO, HECTOR FUENTES and PETE GURSKIS, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, EMILIO CHAVEZ, by his attorneys, LOEVY & LOEVY and KURT H. FEUER, and complaining of Defendants, the CITY OF CHICAGO, HECTOR FUENTES and PETE GURSKIS, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of egregious police misconduct and abuse more fully described below, Plaintiff was unjustifiably shot, causing permanent physical injuries, falsely arrested, wrongfully imprisoned, and maliciously prosecuted.

### Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331.

4. Venue is proper under 28 U.S.C. Section 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## The Parties

5. Plaintiff, Emilio Chavez, was at all relevant times a citizen of the United States and a resident of Cook County, Illinois. At the time of the incident set forth below Plaintiff was employed by Aguirre Construction in Chicago, Illinois. Plaintiff is currently only sporadically employed due to the physical injuries he suffered as a result of being shot by a Chicago police officer.

6. Defendant City of Chicago is an Illinois municipal corporation, and is and/or was the employer of each of the Defendant Officers. The City of Chicago is responsible for the acts of the Defendant Officers while employed by the City of Chicago and while acting within the scope of their employment.

7. Hector Fuentes, Star No.11396, and Pete Gurskis, Star No. 14029, are Chicago Police Officers who were at all relevant times acting in their official capacity as police officers.

## Background

8. On or about September 2, 2006, Plaintiff left work at approximately 6:00 p.m. with one of his co-workers at Aguirre Construction, Juan Aguirre, and another friend, Samuel Garcia.

9. The three men went to a place named Cha Cha's in the vicinity of Pershing and Western, where they ate and drank until approximately 2:00 a.m.

10. The three men then went to a tavern named Reggie's, in the vicinity of 59th and California, where they stayed until the bar closed at approximately 4:00 a.m.

11. As Plaintiff was leaving, his cousin, Joe Martinez, drove up on 59th Street, stopped, and called to Plaintiff, who then walked over to Martinez's car.

12. Plaintiff got into the passenger side of the car, and just after getting in a squad car with lights flashing pulled up next to the car.

13. Chicago police officers Fuentes and Gurskis told Martinez to pull around the corner into a parking lot across the street from Reggie's, and Martinez complied, with the officers following.

14. Once both cars were in the parking lot, the officers jumped out of their car with guns drawn and yelled "Freeze motherfuckers!" and ordered the occupants to put their hands up. The officers then ordered them to exit the car.

15. Plaintiff complied and with his hands up moved toward the hood of the car, where he intended to put his hands.

16. Officer Fuentes then told Plaintiff to stop and to "Come here." Plaintiff began to turn toward the officer to comply, but as he did so Fuentes shot him. The bullet entered Plaintiff's right side and exited his left side, causing extensive damage to Plaintiff's internal organs. Plaintiff was approximately 12 to 15 feet away from Fuentes when the officer shot him.

17. Plaintiff stumbled and fell to the ground, severely wounded, and Fuentes then came over to him and put his foot on his back. Plaintiff heard Fuentes telling other people to "get the fuck away" before he lost consciousness.

18. When Plaintiff regained consciousness he was being shaken awake by two detectives at the hospital, where Plaintiff had undergone emergency surgery and was still in critical condition. After awaking Plaintiff realized his wrist and ankle were both shackled to his hospital bed.

19. The detectives began asking Plaintiff "Where's the knife?" and told Plaintiff he had used a knife to stab the officer. When Plaintiff told the detectives he had no knife they told him "Don't play stupid," and continued to insist that Plaintiff had had a knife and to ask him where it was.

20. A lawyer, Michael P. Gillespie, arrived in the room during the questioning and asked the detectives to leave.

21. The same two detectives later returned to Plaintiff's hospital room and told him that they had found a gun and that it had Plaintiff's fingerprints on it. They also told Plaintiff that they wanted a DNA sample from Plaintiff. When Plaintiff refused, the detectives became angry and left.

22. While he was in the hospital, Plaintiff was charged with a violation of probation as a result of Officer Fuentes alleging that Plaintiff attacked him with a weapon. Plaintiff was on probation at that time for a conviction for breaking into a car. Fuentes first stated that Plaintiff had a knife, then changed his story to allege that Plaintiff had a gun. Gurskis backed up Fuentes' bogus story in statements to police investigators.

23. Plaintiff spent approximately 10 to 12 days at Christ Hospital. The entire time Plaintiff was shackled to his bed and an officer was present in the room. For the first two days or so, a Chicago police officer was present, and for the remainder a Cook County Sheriff's Deputy was present.

24. Plaintiff was removed from Christ Hospital and taken to Cermak Hospital in the Cook County Jail. The doctor who performed the admission examination of Plaintiff at Cermak detected congestion, which turned out to be blood, in Plaintiff's

lungs and refused to accept him at Cermak, sending him to Stroger Hospital instead.

25. At Stroger Plaintiff underwent another surgery, and had a bag on his side after the surgery to allow his lungs to drain. Plaintiff was in Stroger Hospital for approximately seven to ten days. The entire time he was at Stroger, Plaintiff was handcuffed to his bed.

26. Plaintiff was taken from Stroger back to Cermak Hospital, where he spent about 10 days before being placed in the general inmate population at Cook County Jail.

27. Plaintiff spent approximately two weeks at Cook County Jail before being transferred to Stateville as a result of his alleged violation of probation. He was in Stateville for approximately 40 days, was transferred to downstate Pinckneyville for approximately a week, and was then transferred back to Stateville. He spent another three months or so at Stateville for his alleged violation of probation, and was then returned to Cook County Jail, where he was held on the false charges that he assaulted Officer Fuentes with a weapon.

28. Plaintiff's family posted a bond of $7,000 approximately two days after he returned to Cook County Jail. Plaintiff has been out on bond since that time, and is still awaiting trial on the false criminal charges against him.

29. Plaintiff continues to suffer physical injuries, including problems with digestion and evacuation. These problems have prevented Plaintiff from keeping the jobs in construction that he is able to get and through which he was able to earn a livelihood prior to being shot by Officer Fuentes.

30. Plaintiff also continues to suffer mental anguish as a result of the foregoing.

### Count I -- 42 U.S.C. Section 1983
### Excessive Force

31. Plaintiff realleges by this reference paragraphs 1 through 30 of this Complaint as if restated fully herein.

32. As described above, Officer Fuentes intentionally and without any cause shot Plaintiff.

33. As a result of said Defendant Fuentes' unjustified and excessive use of force, Plaintiff suffered physical injury, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

35. The misconduct described in this Count was undertaken by the Officer Fuentes within the scope of his employment and under color of law such that his employer, the CITY OF CHICAGO, is liable for his actions.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against Officer Fuentes and the CITY OF CHICAGO, to enter a judgment for punitive damages against the Officer Fuentes, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### Count II -- 42 U.S.C. 1983
### Claim For False Detention, Arrest, and Imprisonment

36. Plaintiff realleges by this reference paragraphs 1 through 30 of this Complaint as if restated fully herein.

37. The actions of Officers Fuentes and Gurskis in falsely detaining, arresting and imprisoning Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment rights to be free from unreasonable search and seizure under the United States Constitution, and thus violated 42 U.S.C. 1983.

38. The actions of Officers Fuentes and Gurskis were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights, suffering, mental distress, and other injury, as set forth more fully above.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against Officers Fuentes and Gurskis and the CITY OF CHICAGO, to enter a judgment for punitive damages against Officers Fuentes and Gurskis, to award Plaintiff his

attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III -- State Law Claim
### Malicious Prosecution

39. Plaintiff realleges by this reference paragraphs 1 through 30 of this Complaint as if restated fully herein.

40. The acts of Officers Fuentes and Gurskis in creating a false story, falsely charging Plaintiff with aggravated assault, and making false statements against him caused Plaintiff to lose his liberty for violation of probation and while under arrest, and to be criminally prosecuted.

41. Said actions were wrongful and wholly unjustified, and caused injury to Plaintiff, including monetary damages and emotional distress.

42. Said actions constitute the tort of malicious prosecution under the laws of the State of Illinois.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against Officers Fuentes and Gurskis and the CITY OF CHICAGO, to enter a judgment for punitive damages against Officers Fuentes and Gurskis, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## COUNT IV -- State Law Claim
### Respondeat Superior

43. Plaintiff realleges by this reference paragraphs 1 through 30 of this Complaint as if restated fully herein.

44. In committing the acts alleged in the preceding paragraphs, Officers Fuentes and Gurskis were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

45. Defendant City of Chicago is liable as principal for all torts committed by its employees and agents.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## COUNT V -- State Law Claim
### Indemnification

46. Plaintiff realleges by this reference paragraphs 1 through 30 of this Complaint as if restated fully herein.

47. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

48. Officers Fuentes and Gurskis are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff, EMILIO CHAVEZ, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

*Kurt H. Feuer*

Arthur Loevy
Jon Loevy
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900


Kurt H. Feuer
Attorney at Law
312 N. May Street
Suite 100
Chicago, IL 60607
(312) 243-5900